MULLIN HOARD & BROWN, L.L.P.
David R. Langston, SBN: 11923800
Brad W. Odell, SBN:  24065839
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
drl@mhba.com
bodell@mhba.com
*Counsel for Debtors, Reagor-Dykes*
*Motors, LP; Reagor-Dykes Imports, LP;*
*Reagor-Dykes Amarillo, LP; Reagor-Dykes*
*Auto Company, LP; Reagor-Dykes*
 *Plainview, LP; Reagor-Dykes Floydada, LP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **IN RE:** § § | | |
| **REAGOR-DYKES MOTORS, LP** § § | | **Case No. 18-50214-rlj11** |
| Debtor. § | | |
| **IN RE:** § § | | |
| **REAGOR-DYKES IMPORTS, LP** § § | | **Case No. 18-50215-rlj11** |
| Debtor. § | | |
| **IN RE:** § § | | |
| **REAGOR-DYKES AMARILLO, LP** § § | | **Case No. 18-50216-rlj11** |
| Debtor. § | | |
| **IN RE:** § § | | |
| **REAGOR-DYKES AUTO COMPANY, LP** § § § | | **Case No. 18-50217-rlj11** |
| Debtor. § | | |
| **IN RE:** § § | | |
| **REAGOR-DYKES PLAINVIEW, LP** § § | | **Case No. 18-50218-rjl11** |
| Debtor. § | | |

| | |
|---|---|
| IN RE: § | |
| § | |
| **REAGOR-DYKES FLOYDADA, LP** § | Case No. 18-50219-rlj11 |
| § | |
| Debtor. § | |

**EMERGENCY MOTION OF DEBTORS-IN-POSSESSION FOR ORDER GRANTING DEBTORS-IN-POSSESSION AUTHORITY TO PAY (A) PREPETITION EMPLOYEE WAGES, SALARIES, AND RELATED ITEMS; (B) PREPETITION CONTRIBUTIONS TO AND BENEFITS UNDER EMPLOYEE BENEFIT PLAN; AND (C) ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS**

TO THE HONORABLE BANKRUPTCY JUDGE:

Reagor-Dykes Motors, LP, Reagor-Dykes Imports, LP, Reagor-Dykes Amarillo, LP, Reagor-Dykes Auto Company, LP, Reagor-Dykes Plainview, LP, and Reagor-Dykes Floydada, LP (each a "Debtor," and collectively, the "Debtors") hereby move Court for an order, authorizing the Debtors to pay: (a) Prepetition Employee Wages, Salaries and Related Items; (b) Prepetition Contributions to and Benefits Under Employee Benefit Plans; and (c) All Costs and Expenses Incident to the Foregoing Payments and Contributions at its discretion and in the ordinary course of business ("Prepetition Employee Obligations"). In support of this Motion, the Debtors respectfully state as follows:

## I.     *JURISDICTION AND VENUE*

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. INTRODUCTION

2. On August 1, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties, affairs, and assets as debtors-in-possession.

## III. THE DEBTORS' BACKGROUND

3. The Debtors are Texas limited partnerships which own and operate auto dealerships in and around West Texas. The Debtors make up a part of what is known as the Reagor-Dykes Auto Group.

4. Reagor-Dykes Motors, LP operates two dealerships: Spike Dykes Ford Lincoln in Lamesa, Texas and Reagor-Dykes Auto Mall in Midland, Texas. Spike Dykes Ford Lincoln sells both new and used vehicles. Reagor-Dykes Auto Mall sells used vehicles. Each location also provides maintenance and service on vehicles for its customers. Reagor-Dykes Motors, LP has 80 employees.

5. Reagor-Dykes Imports, LP operates two dealerships: Reagor-Dykes Mitsubishi in Lubbock, Texas and Reagor-Dykes South in Lubbock, Texas. Reagor-Dykes Mitsubishi sells both new and used vehicles. Reagor-Dykes South sells used vehicles. Reagor-Dykes Mitsubishi provides maintenance and service on vehicles for its customers. Reagor-Dykes Imports, LP has 69 employees.

6. Reagor-Dykes Amarillo, LP operates one dealership with two locations in Amarillo, Texas. Reagor-Dykes Amarillo, LP operates Reagor-Dykes Mitsubishi of Amarillo. At the Debtor's south location, the Debtor sells both new and used vehicles. At the Debtor's north

location, the Debtor sells used vehicles. Reagor-Dykes Amarillo, LP provides maintenance and service on vehicles for its customers. Reagor-Dykes Amarillo, LP has 33 employees.

7. Reagor-Dykes Auto Company, LP operates one dealership, Reagor-Dykes Ford Lincoln in Plainview, Texas. Reagor-Dykes Ford Lincoln sells both new and used vehicles. Reagor-Dykes Auto Company, LP provides maintenance and service on vehicles for its customers. Reagor-Dykes Auto Company, LP has 61 employees.

8. Reagor-Dykes Plainview, LP operates one dealership, Reagor-Dykes Toyota in Plainview, Texas. Reagor-Dykes Toyota sells both new and used vehicles. Reagor-Dykes Plainview, LP provides maintenance and service on vehicles for its customers. Reagor-Dykes Plainview, LP has 35 employees.

9. Reagor-Dykes Floydada, LP operates one dealership, Reagor-Dykes Chevrolet in Floydada, Texas. Reagor-Dykes Chevrolet sells both new and used vehicles. Reagor-Dykes Floydada, LP provides maintenance and service on vehicles for its customers. Reagor-Dykes Floydada, LP has 26 employees.

## IV.    AVAILABLE CASH

10. The Debtors over the years have taken profits and invested them in mutual fund accounts with American Century Investments. To cover the payroll expenses the Debtors seek to cover by this Motion, the Debtors have moved the investments in these accounts to their newly opened Debtor-in-Possession accounts ("DIP Accounts") at Prosperity Bank in Lubbock.

11. Each of the Debtors have the following cash available to cover the payroll expenses described herein:

| Debtor | Cash Available |
| --- | --- |
| Reagor-Dykes Motors, LP | $78,000.00 |
| Reagor-Dykes Floydada, LP | $111,000.00 |
| Reagor-Dykes Plainview, LP | $78,000.00 |

| | |
|---|---|
| Reagor-Dykes Auto Company, LP | $78,000.00 |
| Reagor-Dykes Amarillo, LP | $78,000.00 |
| Reagor-Dykes Imports, LP | $78,000.00 |

## V. *DESCRIPTION OF WORKFORCE AND BENEFITS*

12. Each of the Debtors employ store managers for each dealership, sales managers for each dealership, finance managers for each dealership, sales people for each dealership, and administrative staff at each dealership. Employees at some of the dealerships include mechanics and service staff. As set forth above, on the Petition Date Reagor-Dykes Motors, LP has 80 employees, Reagor-Dykes Imports, LP has 69 employees, Reagor-Dykes Amarillo, LP has 33 employees, Reagor-Dykes Auto Company, LP has 61 employees, Reagor-Dykes Plainview, LP has 35 employees, and Reagor-Dykes Floydada, LP has 26 employees.

13. The various employees are paid on an hourly basis or on a salary basis. Managers and sales personnel are entitled to bonuses or commissions based on the performance of the dealerships and their individual efforts. Wages are paid on a bi-weekly basis and bonuses or commissions are paid on a monthly basis.

14. The Debtors also offer health, vision, dental, and life insurance to their employees. The employees make some contributions to this plan and the Debtors cover the remainder of the premiums associated with the insurance coverages. Debtors also offer its employees the opportunity to participate in a retirement plan of the Debtors. The contributions of the employees to insurance products and their retirement plans are withheld from the employees' checks and paid over the respective provider or company.

15. Debtors also provide its employees with personal, sick, and vacation leave. These benefits accrue each pay period and can be used by the employee. The Debtors will continue to

accrue these benefits for their employees post-petition and seek to allow their employees to use any of these benefits accrued pre-petition on a post-petition basis.

### VI. *PREPETITION SALARIES AND EMPLOYEE BENEFITS*

16. This case was commenced during a normal payroll period for employees. In the ordinary course of business, the Debtors distribute payroll checks to its employees bi-weekly.

17. There are fourteen (14) days between the last pay period prior to the Petition Date and the Petition Date. The Debtors next payroll was August 1, 2018; however, because Debtors commenced these cases, the Debtors did not make their payroll on August 1, 2018 and seek to get authority from the Court to pay their payroll upon approval of this Court.

18. Each Debtor's total payroll is broken down as follows: Reagor-Dykes Motors, LP – gross payroll $86,857.54; Reagor-Dykes Imports, LP – gross payroll $62,051.42; Reagor-Dykes Amarillo, LP – gross payroll $35,686.86; Reagor-Dykes Auto Company, LP – gross payroll $86,436.65; Reagor-Dykes Plainview, LP – gross payroll $42,173.10; Reagor-Dykes Floydada, LP – gross payroll $38,799.61. The total gross payroll for the Debtors is $352,005.18. The total gross payroll covers the employees net compensation, their contributions, the Debtors' contributions, and all payroll taxes and withholdings.

### VII. *RELIEF REQUESTED*

19. In order to effectuate the relief sought in this Motion with respect to the payment of prepetition wages and salaries, the Debtors request an order of this Court authorizing them to use the cash available as described herein to pay the employee wages, salaries, and other benefits as specified in this Motion.

20. In order to maintain the continuity of the Debtors' business and to preserve the morale of the Debtors' labor force, it is important that the Debtors be permitted to pay their

employees the prepetition wages, employee benefits, and other pay that have accrued but that remain unpaid, and to honor the existing employee benefits, at the Debtors' discretion in the ordinary course of business.

21. The Debtors do not intend by this Motion to assume any executory obligations, and this Motion should not be deemed an assumption or adoption of any agreements or policies providing for such coverage. Rather, the Debtors simply intend, in their discretion and in the exercise of their business judgment. The Debtors further recognize that they will need to downsize their operations and employees. The Debtors anticipate that the Debtors workforce will see reductions to minimize expenses during these Chapter 11 cases.

## VIII. APPLICABLE AUTHORITY

22. The relief requested herein should be granted under section 105 of the Bankruptcy Code. Numerous bankruptcy courts have invoked the equitable powers of section 105(a) and have authorized the payment of prepetition claims of employees, when, as in these cases, the nonpayment or delay in payment of such prepetition claims would damage a debtor's business or its ability to reorganize. *See Burchinal v. Central Washington Bank* (*In re Adams Apple Inc.*), 829 F.2d 1484, 1490 (9th Cir. 1987) (courts have permitted the payment of employee prepetition debts when necessary for rehabilitation); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-77 (Bankr. S.D.N.Y. 1989) (payment of employees' prepetition claims may be necessary in order to preserve morale and to protect the Debtor's business, thereby enhancing the Debtor's ability to reorganize); *In re Chateaugay Corp.*, 80 B.R. 279, 287-88 (S.D.N.Y. 1987) (debtors authorized to pay certain pre-bankruptcy wages, salaries, employee reimbursement expenses, and benefits, including payment of workers' compensation claims).

23. In addition to the general application of the Court's equitable powers, the relief requested in this Motion is specifically supported by the well-established "necessity of payment" rule. *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989); *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176. The "necessity of payment" rule recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor. *In re Ionosphere*, 98 B.R. at 176. The rationale for this rule is consistent with the paramount goal of chapter 11, i.e., "facilitating the continued operation and rehabilitation of the debtor." *Id.* The payment of the above-described compensation, benefit and reimbursement obligations is necessary to prevent the risk of damage to the estate that would adversely affect all parties in interest.

24. In the instant case, the continued services and cooperation of the employees are integral and necessary to the Debtors' successful administration of these cases. If the Debtors are unable to assure its employees that they will be paid timely, or if employees are not immediately assured of uninterrupted, critical benefit payments to which they are entitled, the Debtors' operations could suffer immediate and irreparable harm due to employee resentment, resignations, loss of good will and disruption of employee morale. Moreover, replacing employees who may leave the Debtors' employ if the relief requested herein is not granted would be expensive and disruptive to the Debtors' business. Payment of employee wages and employee benefits in these cases will have little, if any, impact on the payment of other creditors' claims.

### IX. SHORTENED NOTICE AND NEED FOR EMERGENCY CONSIDERATION

25. The Debtors' employees are vital to the Debtors' continued operations and successful reorganization of its assets and liabilities. The Debtors believe that the employees will

not continue to work for the Debtors in the event the employees' wages and employee benefits are not made for the current pay period ending on or before the Petition Date. Should the Debtors not be able to make this payroll and maintain the employee benefits, the employees will most likely walk away leaving the Debtors without any labor force to continue its operations. The Debtors will be left with no other choice but to liquidate its assets in a fire sale.

26. The Debtors believe that should a liquidation occur now, its largest secured and unsecured creditor, Ford Motor Credit Company, LLC, will be severely harmed because the value of its collateral will diminish instead of being sold in an orderly fashion. Additionally, Ford Motor Credit Company, LLC, will incur a large expense in securing and moving its collateral to other dealerships across the United States.

27. For these reasons, it is vitally important that the Debtors be authorized to pay its employees prepetition wages. The failure to be able to make the requested payments set forth above will cause immediate and irreparable harm to the assets of the Debtors and will result in severe damage and diminution to the value of their assets and estate. For these reasons, the Debtors requests an emergency hearing on shortened notice of one (1) day's notice on this Motion.

28. The Debtors hereby request an emergency hearing on this Motion. No trustee, examiner, or creditors' committee has been appointed in these cases. A copy of this Motion will be delivered via ECf to the United States Trustee, counsel for Ford Motor Credit Company, LLC, and any other parties receiving notice via ECF in the case. Furthermore, to the extent necessary and appropriate, Debtors will provide notice under 4001 and allow creditors an opportunity to object if the Court grants the relief requested herein and deems it is necessary and appropriate to provide additional notice to other creditors and parties in interest.

## X.  CONCLUSION AND PRAYER

29.   In order to maintain the continuity of the Debtors' business and to preserve the morale of the employees, the Debtors must be able to pay and honor any accrued but unpaid wages, vacation pay, and other benefits in the ordinary course of business.  Approval of the payments sought herein is in the best interest of the Debtors' estate and their creditors in order to avoid hardship to the employees and to maintain the viability of the Debtors' ongoing business.

30.   The Debtors seek to pay the prepetition wages and salaries, and employee benefits, and to continue post-petition the employee benefits and other programs described herein in effect immediately prior to the Petition Date.  Such action, if authorized, however, should not be deemed to be an assumption or adoption of any agreement or policy providing such coverage.

WHEREFORE, the Debtors respectfully requests that the Court set an emergency hearing on one (1) day's notice, determine that such notice and opportunity for a hearing is reasonable under the circumstances, and upon hearing of the Motion enter an order authorizing the payment of the Debtors' prepetition wages and employee benefits.  Further, the Debtors pray for such other and further relief, at law or in equity, to which the Debtors may show themselves justly entitled.

        Respectfully Submitted,

        MULLIN HOARD & BROWN, L.L.P.
        P.O. Box 2585
        Lubbock, Texas 79408-2585
        Telephone: (806) 765-7491
        Facsimile: (806) 765-0553

        /s/ David R. Langston_____
        David R. Langston, SBN: 11923800
        Brad W. Odell, SBN:  24065839
        *Counsel for Debtors, Reagor-Dykes*
        *Motors, LP; Reagor-Dykes Imports, LP;*
        *Reagor-Dykes Amarillo, LP; Reagor-Dykes*
        *Auto Company, LP; Reagor-Dykes*
        *Plainview, LP; Reagor-Dykes Floydada, LP*

## **CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing Motion was served on the following parties in interest via ECF and or email on this 2nd day of August 2018:

1.     Reagor Dykes Auto Group
     1215 Ave. J
     Lubbock, Texas 79401

2.     Keith Langley and Brandon K. Bains
     Langley LLP
     1301 Solana Blvd.
     Bldg. 1, Suite 1545
     Westlake, Tx. 76262
     Email: klangley@l-llp.com and  bbains@l-llp.com
     *Attorneys for Ford Motor Credit*

3.     Donald Cram and Duane M. Geck
     Severson & Werson
     One Embarcadero Center, Suite 2600
     San Francisco, CA 94111
     Email: dmg@severson.com and dhc@severson.com
     *Attorneys for Ford Motor Credit*

*4.*     U.S. Trustee's Office
     1100 Commerce St., Room 9C60
     Dallas, Texas 75242

5.     All parties receiving notice via ECF in this case.

        /s/ David R. Langston_____
        David R. Langston